Daniels, J.
The action was brought by the plaintiff as vendee, to obtain the specific performance of a contract made on the 10th of December, 1885, for the conveyance to him by the defendant of premises situated upon Third avenue, in the city of New York, for the price of $251,500. By the agreement which these parties made, the deed was to be delivered and the contract performed on the 31st of December, 1885, at No. 229 Broadway. The property was subject to a mortgage of $165,000, which the plaintiff was to assume, and the residue of the purchase price was to be paid by him to the defendant. At the time and place when the contract was to be carried into effect the plaintiff presented himself to receive the deed and perform his part of the agreement, and a deed in the form required by the agreement, executed by the defendant, was tendered and offered to the plaintiff, but he declined to receive it, for the reason that there were taxes and Croton water rates unpaid, which were hens upon the property. Also, that there were two mortgages appearing to be unsatisfied of record, one for the sum of $20,000 and the other for the sum of $100,000. And, in addition to that, it was further objected that the property was in part incumbered by a party wall agreement binding the owner of it to pay one-half the expense of building the wall whenever that should be used. The two mortgages included in the objections were in a situation to be discharged and satisfied of record, but as the taxes and water rates were not paid, and the agreement for the party wall was outstanding, the plaintiff declined to pay the balance of the purchase price and take the title to the property. He did not, however, refuse to accept the title upon the removal of these objections, and in the following month the request was made that these objections should be removed or that the contract should be ended and the plaintiff’s deposit returned to him, with the legal expenses of examining the title. Neither of these acts was performed by the defendant, nor did he satisfy the mortgages or pay the taxes or water rates, or extinguish the party wall agreement. And the plaintiff, being desirous of obtaining the title to the property under the contract, then brought this action for its specific performance, still, howr ever, insisting upon the objections which he had made. *703 And that he was legally entitled to do, for where property has been made the subject of a contract of this character, the vendee, if he elects to takes it, with its infirmities or defects, will be entitled to receive it, with a corresponding-abatement or deduction sufficient to meet or obviate the incumbrances or defects of title. 2 Story Eq. Jr. (5th ed.), § 779; Lawrence v. Saratoga Lake Co., 36 Hun, 467, 475.
The contract not having been rescinded by the plaintiff, still subsisted between these parties, inasmuch as the defendant could not avoid it by his own default, and it was the legal subject of an action for its specific performance by the plaintiff. Willis v. Dawson, 34 Hun, 492. And it was so held and considered to be by the judge presiding at the trial of the action, for he directed its specific performance, after providing for the satisfaction or extinguishment of the incumbrances, excluding only that alleged to have arisen out of the party wall agreement. And this agreement he held to be personal to the persons who had executed it and not to be in any form a charge upon the land, as the defendant was required to convey it to the plaintiff. The plaintiff has not appealed from the judgment, and this part of the determination of the court is accordingly conclusive against him, and the party wall agreement is now to be considered as a personal contract between the parties to it, no way running with, or affecting, the land. The court was accordingly right in making this disposition of the case.
But by the judgment which was recovered, the defendant was made liable to account for the rents and profits received by him out of the property, over and above the expenditures, from the time when the contract should have been performed to the determination of the action, and the plaintiff was obligated to pay to the defendant the balance of the purchase money with no more than one per cent interest, the sum allowed upon it by the United States Trust Company, where it had been during the dispute on deposit. This direction was not quite just to the defendant, for up to the time of the recovery of the judgment certainly, the plaintiff was not willing to receive the title without the extinguishment, so far as the property was concerned, of the party wall agreement, or some adequate protection against future fiability under it. To this extent he himself was in default. His objection, as the court found and disposed of it, was unsupported. And by insisting upon this objection, he prevented the performance of the contract by the conveyance of the title, for the two mortgages, as well as the taxes and water rates, were in a condition to be at once paid and extinguished, and that probably would have been done by the defendant, had it *704 not been for this further objection to the title arising upon the party wall agreement. Certainly for this delay, owing to this circumstance, the plaintiff was as much responsible as the defendant, and as long as the court by its judgment entitled him to the intermediate rents and profits of the property, it should have charged him with the payment of legal interest for the same time upon the purchase money. And in omitting to do so tho court fell into an- error, which upon this appeal should be, as it can be, corrected.
The evidence, which it has been urged the court erroneously excluded, would not have changed the determination of the case in the slightest degree, even if it had been received. And as there was error in no other respect in the disposition of the action, unless it be in the direction of an allowance of $500 against the defendant, the judgment should be modified by requiring the plaintiff to pay legal interest to the defendant upon the balance of the purchase price, and by deducting this allowance, and as so modified it should be affirmed, without costs to either party.
Brady, J. concurs.
Davis, P. J.
I do not think the additional allowance should be stricken out. The defendant’s conduct compelled this suit to have been brought when none ought to have been necessary. The case was one of importance as to amount involved and questions to be determined. It was “extraordinary,” within the definition of that word as established by the courts, and by the action of its suitors. The allowance should not be disturbed. The modification now directed does not affect it. With that change in the opinion, I concur in its conclusion.